plaintiff below left the vessel, and on each day until the cargo was discharged, made the following entry in the log-book: "All the crew absent without liberty." The court below being of opinion, that, as the voyage was ended by the arrival and safe mooring of the vessel in her port of discharge, the plaintiff below could not be deemed a deserter, so as to incur a forfeiture of his wages; and further, that, to create a forfeiture, the name of the particular seaman who was absent without leave must be entered in the log-book; and they therefore, gave judgment for the plaintiff below, for 180 dollars, being the amount of wages due to him on the day he left the vessel. The articles signed by the parties contained the following clause: "The said seamen severally promise, &c., not to neglect or refuse doing duty by day or night, nor shall go out of the said vessel &c., until the said voyage be ended, and the vessel be discharged of her loading, without leave first obtained of the captain or commanding officer on board." "That no officer or seaman, belonging to the said vessel, shall demand, or be entitled to, his wages, or any part thereof, until the arrival of the said vessel at her above-mentioned port of discharge, and her cargo delivered." "Provided, nevertheless, that if any of the said crew disobey the orders of the said master, or other officer of the said vessel, or absent himself, at any time, without liberty, his wages, due at the time of such disobedience or absence, shall be forfeited, and in case such person or persons, so forfeiting wages, shall be reinstated, or permitted to do further duty, it shall not do away such forfeiture."

Van Ness, J., delivered the opinion of the court: All the seamen belonging to the ship, whose last port of delivery was New York, deserted her at that place as soon as she was moored, and refused to assist in unloading the cargo: and the question is, can they recover their wages up to the time of the desertion, or not? The determination of this question has nothing to do with the mate's making an entry in the log-book of the desertion. Such entry, if it had been made, would have been prima facie evidence of that fact: but, as it is fully proved by the other testimony, that is sufficient, without the log-book. The reasons for making these entries in the log-book are accurately stated by Judge Peters,—Malone v. Bell [Case No. 8,994].—and have no application to this cause. By the 6th section of the act of congress for the government and regulation of seamen in the merchants' service (1 L. U. S. 140 [1 Stat. 133]), it is enacted. "that, as soon as the voyage is ended, and the cargo, or ballast, be fully discharged at the last port of delivery, every seaman, or mariner, shall be entitled to the wages which shall be then due, according to his contract," &c. From this, as well as the reason and propriety of the thing, the contract with a seaman continues in force until the cargo is finally discharged, and, if he leaves the ship without justifiable cause, before that is accomplished, he has no right to recover any part of his wages. The shipping articles contain an express stipulation by which the wages are forfeited, in this case, in the very event which has happened: but the counsel for the seaman supposes this stipulation to be illegal, because it forms no part of what is provided shall be contained in the contract between the master and crew, by the 1st and 2d sections of the act before referred to. The master has no right to insert any stipulation, or agreement, repugnant to, or inconsistent with, the statute: but there can be no objection to superadding any provisions harmonizing with it. Such is the provision in question, which only follows the 6th section of the act, which may be considered as a legislative definition of what shall be deemed to be the termination of a voyage, so as to entitle the seamen to their wages. The principle upon which the two cases of McMillan v. Vanderlip, 12 Johns. 166, and Jennings v. Camp, 13 Johns. 94, were decided, is strictly applicable to this case. The judgment below must be reversed.

UNION BANK (CHESAPEAKE & O. CANAL CO. v.). See Cases Nos. 2,653 and 2,654.

## Case No. 14,349.

UNION BANK v. COOK et al.

[2 Cranch, C. C. 218.] [1]

Circuit Court, District of Columbia. Nov. Term, 1820.

NOTES—ALTERATION OF DATE.

An alteration of the date of a promissory note, whereby the time of payment is prolonged, does not make the note void as to the maker.

[See Bank of Washington v. Way, Case No. 957.]

This was an action against the makers of a promissory note, payable to Francis Adams or order, dated 14th August, 1818. The defendants [Cook & Clare] offered evidence that the date was altered by the payee, from the 13th to the 14th of August, to make it fall due on the discount day of the Union Bank; and contended that the note was thereby made void.

But THE COURT (THRUSTON, Circuit Judge, absent,) was of opinion that the alteration, prolonging the time of payment, being for the benefit of the defendants, did not make the note void as to them.

Mr. Swann, for plaintiff.

Mr. Taylor, for defendant.

## Case No. 14,350.

UNION BANK v. ELIASON.

[2 Cranch, C. C. 629.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

PLEADING—PRACTICE—RULE-DAY—PLEA OF LIMITATIONS.

1. The statute of limitations must be pleaded strictly within the rule-day, unless the court, for good cause shown, shall permit it to be pleaded afterwards.

2. Ignorance of the practice of the court may be an excuse for an attorney recently admitted to the bar, which, with other circumstances, may be good cause for admitting the statute to be pleaded after the rule-day.

Assumpsit. The plea of limitations was filed after the rule-day.

Mr. Dunlop, for plaintiffs, had instructed the clerk not to make up an issue on that plea; but, under the general practice of the bar to suffer the clerk to enter the pleadings and make up the issues, it is probable that inadvertently he made the entry on the docket, "non ass't., lim's. and issue."

Mr. Key, for plaintiffs, now moved the court to strike out the plea of limitations.

Mr. Coxe, for defendant, stated (his affidavit not being required by the plaintiff's counsel,) that he was employed by the defendant to appear for him at the return-term of the writ; which he did, and at the same

[1] [Reported by Hon. William Cranch, Chief Judge.]